**BRIAN D. SHAPIRO**
Trustee in Bankruptcy
411 E. Bonneville Ave., Suite 300
Las Vegas, NV 89101
(702) 386-8600 Fax (702) 383-0994
trustee@trusteeshapiro.com

E-filed: July 29, 2010

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>    DON E. BUTTS and<br>    MARIA K. BUTTS,<br><br><br><br>                                  Debtor(s). | Chapter 7<br>Case No. 09-25635-LBR<br><br>**TRUSTEE'S MOTION FOR TURNOVER OF NON-EXEMPT FUNDS IN ADDITION TO MOTION TO EXTEND TIME TO OBJECT TO DISCHARGE**<br><br>Hearing Date: September 1, 2010<br>Hearing Time: 11:00 a.m. |

BRIAN D. SHAPIRO, Chapter 7 Trustee ("Trustee") in the above-styled Bankruptcy Case, hereby requests this Court to order Don E. Butts and Maria K. Butts ("Debtors") to turnover the funds from an inheritance ("Inheritance"), which was received after the date of the original bankruptcy filing and is, therefore, an asset of the Bankruptcy Estate. The Trustee further requests the Court to extend the time for the Chapter 7 Trustee to object to discharge, dischargeability of debts, or to file a motion seeking dismissal pursuant to 11 U.S.C. §727 . This Motion is based upon the attached points and authorities, the Declaration in Support and any oral argument that this Court may permit.

DATED this 28th[th] day of July, 2010.

BRIAN D. SHAPIRO, TRUSTEE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Statement of Facts

1. On <u>August 25, 2009</u> Debtors filed a Chapter 13 Bankruptcy Proceeding. <u>See</u> generally, Declaration of Brian D. Shapiro in Support.

2. On May 19, 2010 the case was converted to a Chapter 7. <u>Id.</u>

3. Concurrently, Brian D. Shapiro was appointed as the Chapter 7 Trustee. <u>Id.</u>

4. The §341 meeting of creditors was concluded on <u>June 21, 2010</u>. <u>Id.</u>

5. Debtors testified to receiving an inheritance from Mr. Butts' deceased mother's estate in the amount of $15,080 after the filing of the petition. <u>Id.</u>

6. Debtors have not claimed any exemption pertaining to the inheritance received. <u>Id.</u>

7. Debtors failed to comply with the Trustee's request for turnover of the non-exempt funds, totaling $15,080. <u>Id.</u> A copy of the Trustee's correspondence to the Debtors is attached to the Trustee's Declaration in support as EXHIBIT 1.

8. On July 15, 2010, Rob Graham & Associates sent correspondence to the Trustee stating that there was a miscalculation and the amount of inheritance payments received was actually $13,080.00. <u>Id.</u> A copy of said correspondence is attached to the Trustee's Declaration in support as EXHIBIT 2.

9. On July 19, 2010, Debtor's amended Schedule B of their bankruptcy petition to reflect the amount of the inheritance received as $13,080. <u>Id.</u> A copy of the amended Schedule B is attached to the Trustee's Declaration in support as EXHIBIT 3.

**10.** The bar date to file a complaint objecting to the Debtors' discharge is <u>August 20, 2010</u>. <u>Id.</u>

## II. <u>Legal Argument</u>

### 1. <u>Motion for Turnover of Non-Exempt Funds</u>

11 U.S.C. §541 compels an entity, in possession, custody or control of the property of the estate to turn the same over to the Trustee upon demand. Likewise, pursuant to §521(c)(3), the Debtor is required to "surrender to the trustee all property of the estate..."

Moreover, §542(a) further provides that "an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property *or the value of such property*, unless such property is of inconsequential value or benefit to the estate." (Italics added).

As set forth above, after the date of their Bankruptcy filing Debtors were in receipt of a $13,080.00 inheritance from the probate estate of Mr. Butts' deceased mother. The Inheritance is property of the Bankruptcy Estate for which they have not claimed any exemption. The Trustee requests the Court to order that funds equal to the value of the Inheritance be turned over to the Trustee.

### 2. <u>Motion to Extend Time to Object to Discharge</u>

Bankruptcy Rule 4004(b) provides that:

> On Motion of any party in interest, after hearing on notice, the court may for cause extend the time for filing a complaint objecting to discharge. The motion shall be made before such time has elapsed.

Moreover, 11 U.S.C. 105(a) provides that this court may issue any order... that is necessary or appropriate to carry out the provision of this title. The bar date for the Trustee to

file a complaint objecting to Debtors' discharge is <u>August 20, 2010</u>. Therefore, this motion is timely filed.

The Debtors have failed to turnover funds to the Trustee as set forth above. Consequently, the time should be extended for the Trustee to object to discharge for an additional sixty (60) days after the date of this hearing (up to and including November 1, 2010).

### III. <u>Conclusion</u>

The Trustee respectfully requests, based upon due process, as well as the above referenced statutory law, that the Court order the Debtors to turnover $13,080.00 to the Trustee. The Trustee further requests that the Court extend the time for the Trustee to oppose the discharge of the Debtor up to and including <u>November 2, 2010</u>.

DATED this 28th day of July, 2010.

BRIAN D. SHAPIRO, TRUSTEE